UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PAUL LEE, | ) | CASE NO. SACV 20-301-GW-PJW |
| Plaintiff, | ) ) | ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE |
| v. | ) ) | |
| CITY OF HUNTINGTON BEACH, CALIFORNIA, et al., | ) ) ) | |
| Defendants. | ) ) | |

    Plaintiff Paul Lee filed this civil rights action in February 2020, alleging Defendants City of Huntington Beach Police Department, Officer Dineen, and Doe 2 targeted him because he is homeless and arrested him on a fictitious charge claiming "illegal storage of property." He claims they also used excessive force against him. Plaintiff seeks injunctive relief, monetary damages, and punitive damages. (Complaint at 6.)

    On May 13, 2020, after the Court received mail returned undelivered by the Postal Service for the third time, the Court ordered Plaintiff to provide the Court with a new address by June 12, 2020 and/or register for CM/ECF so that the Court could serve him electronically. The Court warned Plaintiff that failure to timely

abide by this order would result in dismissal of the action.  On June 3, 2020, that order, too, was returned to the Court undelivered.

Because the case cannot proceed without Plaintiff's participation and because Plaintiff is unable or unwilling to provide the Court with an address where he can receive mail, the Court concludes that dismissal without prejudice is warranted under Federal Rule of Civil Procedure Rule 41(b).  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1263 (9th Cir. 1992); *see also, e.g., Louis v. Governor of California*, 2019 WL 5543547, at *2 (C.D. Cal. Oct. 25, 2019), *judgment entered*, 2019 WL 5538432 (C.D. Cal. Oct. 25, 2019).

It is well-established that a district court may dismiss an action for failure to prosecute, failure to follow court orders, or failure to comply with the federal or local rules.  *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962) ("The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts.").  In determining whether dismissal is warranted, the Court considers five factors: (1) the public's interest in expeditious resolution of litigation, (2) the Court's need to manage its docket, (3) the risk of prejudice to Defendants, (4) the public policy favoring the disposition of cases on their merits, and (5) the availability of less drastic sanctions.  *Ferdik*, 963 F.2d at 1260-61; *Omstead v. Dell*, 594 F.3d 1081, 1084 (9th Cir. 2010).

The Court finds that the delay here necessarily implicates both the interest in expeditious resolution of litigation and the Court's need to efficiently manage its docket--the first and second factors--and weighs in favor of dismissal.  *See Yourish v. Cal. Amplifier*, 191

2

F.3d 983, 990 (9th Cir. 1999) ("[T]he public's interest in expeditious resolution of litigation always favors dismissal."); *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (finding factors of public interest in expeditious resolution of case and court's need to manage its docket weigh in favor of dismissal where litigant failed to pursue the case for almost four months). Plaintiff's failure to keep the Court apprised of his address has caused this action to come to a halt, impermissibly allowing Plaintiff to control the pace of the docket rather than the Court. *See Yourish*, 191 F.3d at 990; *Pagtalunan*, 291 F.3d at 642 ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants . . . .").

The third factor--risk of prejudice to Defendants--also weighs in favor of dismissal. As time goes by, the witnesses' memories begin to fade and the evidence becomes stale, making it increasingly difficult for Defendants to defend themselves against these charges. *See In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006) ("The law . . . presumes prejudice from unreasonable delay.").

The fourth factor--the general policy favoring resolution of cases on the merits--weighs in Plaintiff's favor. *See Pagtalunan*, 291 F.3d at 643 ("Public policy favors disposition of cases on the merits."). But this is the fourth time that mail sent by the Court has been returned undeliverable and the Court is unable to resolve this case on the merits without Plaintiff's participation. *See Ferdik*, 963 F.2d at 1262 ("a district court's warning to a party that his failure to obey the court's order will result in dismissal can

satisfy the 'consideration of alternatives' requirement") (citation omitted).

Finally, the fifth factor--availability of less drastic alternatives--also weighs in favor of dismissal.  The Court is unable to impose a lesser sanction, e.g., monetary sanctions, because Plaintiff is proceeding IFP (and, therefore, does not have any money to pay sanctions) and because he cannot be found.

Considering all five factors, the Court concludes that dismissal for failure to prosecute is warranted.  *See Ferdik*, 963 F.2d at 1263 (concluding dismissal appropriate where supported by only three factors); *Pagtalunan*, 293 F.3d at 643 (same).  This action is dismissed without prejudice.

IT IS SO ORDERED.

DATED:     June 16, 2020.

_____
HON. GEORGE H. WU
UNITED STATES DISTRICT JUDGE

Presented by:

_____
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

C:\Users\javiergonzalez\AppData\Local\Microsoft\Windows\INetCache\Content.Outlook\XBVQY598\Ord_dismiss.failure.prosecute.wpd